IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>JANELL R. MILLER,<br><br>*Defendant.* | Case No. 19-10170-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Janell R. Miller's Motion for Compassionate Release (Doc. 35). She seeks early release from prison due to the COVID-19 pandemic. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

**I.   Factual and Procedural Background**

On March 18, 2021, Defendant pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On June 1, 2021, Defendant was sentenced to 60 months' imprisonment. Defendant is 39 years old, and she is currently incarcerated at Alderson FPC. Her projected release date is September 30, 2025.

On January 14, 2022, Defendant filed a motion seeking early release from prison due to the risk of contracting COVID-19. She states that she is fully vaccinated, but she is concerned

with the ability to protect herself from contracting COVID-19 in prison.[1] The government opposes her motion.

## II. Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file her own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, a criminal defendant may file a motion for compassionate release only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[3] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[4]

If a defendant satisfies the exhaustion requirement, the Tenth Circuit has set forth a three-part test for district courts to use when deciding a defendant's motion.[5] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction; (2) "such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission;" and (3) any reduction is consistent with the applicable sentencing factors set forth

---

[1] District of Kansas Standing Orders 19-1 and 20-8 appoint the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID. Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant. Thus, she proceeds pro se.

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[3] 18 U.S.C. § 3582(c)(1)(A).

[4] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[5] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

in 18 U.S.C. § 3553(a).[6]  The Tenth Circuit also recently clarified that "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[7]  If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[8]  If, however, the Court grants the motion, the Court must address all steps.[9]

### III.    Analysis

Defendant seeks early release based on her concern of the spread of COVID-19 in prison. The government asserts that Defendant does not present sufficient evidence that she exhausted her administrative remedies, and thus her motion should be dismissed.  In addition, the government states that Defendant does not provide the Court with an extraordinary or compelling reason warranting early release.

Exhaustion is a mandatory claim-processing rule that the government may forfeit or waive.[10]  If, however, the government invokes it, the Court must enforce it.[11]  Here, the government invokes it and notes that Defendant fails to present sufficient evidence showing exhaustion.

---

[6] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

[7] *Maumau*, 993 F.3d at 837 (citations omitted).  This clarification effectively removes one of the requirements for motions filed directly by a defendant.  *See United States v. Hald*, 8 F.4th 932, 947 n.9 (10th Cir. 2021) (noting that the district court cannot err when it does not address the second step—the applicable policy statement—when there is not an applicable policy statement to motions filed by the defendant).

[8] *McGee*, 992 F.3d at 1043 (citation omitted); *see also Hald*, 8 F.4th at 942-43 (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[9] *McGee*, 992 F.3d at 1043 (citation omitted).

[10] *Hemmelgarn*, 15 F.4th at 1030.

[11] *See United States v. Meinert*, 2022 WL 36411, at *2 (D. Kan. 2022) (citing *United States v. Gieswein*, 2021 WL 4852420, at *2 n.2 (10th Cir. 2021) and *United States v. Purify*, 2021 WL 5758294, at *4 (10th Cir. 2021)).

Indeed, Defendant does not address the exhaustion issue at all.  In addition, she does not attach any communications that she had with the warden or any official at her facility regarding a request for compassionate release.  Thus, Defendant does not demonstrate that she exhausted her administrative remedies, and her motion is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 35) is **DISMISSED.**

**IT IS SO ORDERED**.

Dated this 4th day of March, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE